OPINION OF THE COURT
Per Curiam.
Respondent Jenee M. Gadsden was admitted to the practice of law in the State of New York by the First Judicial Department on July 14, 1997 under the name Jenee Moreen Gadsden. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. On April 2, 2009, this Court suspended respondent (as part of a mass suspension), pursuant to Judiciary Law § 468-a for failure to pay attorney registration fees (64 AD3d 187 [1st Dept 2009]). According to the Office of Court Administration’s database, respondent failed to pay her fees for the following registration periods: 2005-2006, 2007-2008, 2009-2010 and 2011-2012.
The Departmental Disciplinary Committee (Committee) now seeks a further order suspending respondent, pursuant to 22 NYCRR 603.4 (e) (1) (i), based upon her willful failure to cooperate with the Committee’s investigation into allegations that she practiced law while suspended. The Committee received an affirmation from a Bronx Supreme Court judge, which respondent had allegedly submitted in support of a litigant’s motion for reargument. In the affirmation, respondent claims to be “an attorney duly authorized to practice law in the state of New York.”
*3 By letter dated November 1, 2011, the Committee advised respondent that it had initiated a sua sponte investigation based upon her apparent unauthorized practice of law, and requested that she submit a written answer within 20 days explaining her conduct. The Committee’s letter enclosed a copy of the quoted affirmation. The Committee’s letter was sent to respondent at her last registered business address, and the address she included in the affirmation she submitted to the Supreme Court. Respondent did not respond to this letter.
By letter dated February 15, 2012, also sent to respondent’s business address, the Committee made a second request for a written response and advised that failure to do so could result in disciplinary action. Respondent did not reply to this letter. On March 1, 2012, the Committee wrote to Gregory Harmon, Esq., the named principal of the firm at which respondent maintained her office, inquiring as to, among other things, whether respondent had a forwarding address. Harmon immediately called Committee staff and provided respondent’s home address. He indicated that respondent had been away from the office, but did not confirm her status with the firm.
The Committee then sent a letter, with copies of the letters sent to the firm, to respondent’s home directing her to submit a written answer within 14 days. Respondent did not submit the requested answer, nor did she respond to this letter.
On March 21, 2012, the Committee sent another letter to respondent’s home directing her to submit an answer within 10 days, and advising her that her failure to do so could result in the Committee making “an appropriate application to the Appellate Division,” and citing to interim suspension cases from this Court. Again, respondent failed to respond.
On April 5, 2012, the Committee served respondent by first-class and certified mail with a judicial subpoena requiring her to appear before the Committee on April 20, 2012 (see 22 NYCRR 605.11 [d] [1]). The certified mailing was returned as “unclaimed,” but the first-class mailing was not returned. Respondent did not appear before the Committee on April 20, 2012. In response to respondent’s failure to appear, the Committee adjourned her scheduled appearance to May 10, 2012. A Committee investigator attempted to personally serve respondent with the judicial subpoena at her residence on April 23 and 26, 2012 (at different times of the day). There was no response on either day.
On May 2, 2012, the Committee investigator personally served the subpoena on an adult male who was entering respondent’s *4 apartment. The man would not give his name, but stated that respondent currently lived in the apartment. The investigator then observed the man give the subpoena to an unidentified woman in the apartment. According to the investigator, the woman opened the envelope and closed the door to the apartment.
In accordance with CPLR 308 (2), the Committee investigator then mailed two additional copies of the judicial subpoena to respondent at her home address in white, unmarked envelopes. Again, the certified mailing was returned as unclaimed, but the first-class mailing was not returned. Respondent did not appear before the Committee on May 10, 2012, nor, to date, has she contacted the Committee.
Although served by first-class and certified mail, return receipt requested, respondent has not submitted a response to this motion.
Accordingly, we find that respondent should be suspended pursuant to 22 NYCRR 603.4 (e) (1) (i), which provides:
“[a]n attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:
“(i) the attorney’s default in responding to the petition or notice, or the attorney’s failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding.”
Respondent’s failure to respond to the Committee’s four letters and her failure to appear before the Committee despite being served with a judicial subpoena, under the circumstances, evinces a willful failure to cooperate with the Committee’s investigation.
Accordingly, the petition of the Disciplinary Committee should be granted to the extent of continuing respondent’s suspension from the practice of law in accordance with 22 NYCRR 603.4 (e) (1) (i), and until further order of this Court.
*5 Gonzalez, P.J., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ., concur.
Respondent’s suspension from the practice of law in the State of New York continued, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.